

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 20, 1965

Mr. Edwin E. Merriman, Chairman
Texas State Board of Public
   Accountancy
Perry-Brooks Building
Austin, Texas

Opinion No. C-444

Re: Whether a Mr. "A" is in
    violation of Section 8(a)
    of the Public Accountancy
    Act of 1945 in exhibiting
    his certificate as a Cer-
    tified Public Accountant
    since he does not hold a
    "live permit" issued under
    Section 9, under the facts
    stated.

Dear Mr. Merriman:

        In your letter requesting an opinion from this office,
you submit certain facts which we quote in part as follows:

> "Mr. 'A' passed the examination given by
> the Texas State Board of Public Accountancy in
> May 1944 and was issued a Certificate as Certi-
> fied Public Accountant in June 1944.  In 1948
> he passed the bar examination given by the Texas
> Board of Legal Examiners and was issued a li-
> cense.  With the exception of the years 1949
> and 1950 he paid the annual permit fee required
> by the Public Accountancy Act (Article 41-A
> Vernon's Revised Civil Statutes) through 1951.
> Since that date he has not paid the annual permit
> fee.  Since receiving his license to practice
> law, he has paid the annual license fees authoriz-
> ing him to practice law.
>
> " . . .
>
> "Mr. 'A' states that he has not engaged in
> the practice of public accountancy for several
> years.  However, his Certificate as a Certified
> Public Accountant has been framed and hangs on
> the wall in his office. . . ."

-2110-

> ". . .

> "The Certificate does not reflect the period for which the Certificate is in force and effect."

With regard to these facts you ask two questions which we quote as follows:

> "Is Mr. 'A' in violation of Section 8(a) of the Public Accountancy Act of 1945 in exhibiting his Certificate as a Certified Public Accountant since he does not hold a 'live permit' issued under Section 9?

> "Since Mr. 'A' has not obtained an annual permit under Section 9 of the Public Accountancy Act within three years from the expiration date of the last permit to practice obtained by him, is the Board, after notice and hearing, authorized to revoke or suspend such Certificate as a Certified Public Accountant under the provisions of Section 22(a)(10) of Article 41-A?"

Article 41a, Vernon's Civil Statutes, as amended, is popularly known as the Public Accountancy Act of 1945. That portion of Section 8(a) of Article 41a, Vernon's Civil Statutes, most pertinent to our discussion provides as follows:

> "Sec. 8. (a) No person shall assume or use the title or designation 'certified public accountant,' or the abbreviation 'C.P.A.' or any other title, designation, words, letters, abbreviation, sign, card, or device tending to indicate that such person is a certified public accountant, unless such person has received a certificate as a certified public accountant under Section 12 or Section 13 of this or prior Acts, holds a permit issued under Section 9 of this Act which is not revoked or suspended (hereinafter referred to as a 'live permit'), and all of such person's offices in this state for the practice of public accounting are maintained and registered as required under Section 10 of this Act; . . ."
> (Emphasis added).

Section 9 of Article 41a, Vernon's Civil Statutes, provides for the payment of an annual permit fee by holders of the Certificate of Certified Public Accountant. Also, Section 9 provides that the failure of any permit holder to pay the annual permit

renewal fee on or before January 31 of each year shall automatically cancel his permit. It is our opinion that a person who exhibits a framed certificate of Certified Public Accountant on a wall in his office indicates to the public that he is a Certified Public Accountant. Consequently, on the basis of the language of the provisions set forth above, it is our opinion that a holder of a Certificate of Certified Public Accountant who does not hold a "live permit" issued under Section 9 of Article 41a, Vernon's Civil Statutes, is not authorized under the provisions of Section 8a, Article 41a, Vernon's Civil Statutes, to exhibit his Certificate as a Certified Public Accountant or otherwise indicate to the public that he is a certified public accountant.

We now address ourselves to your second question. Section 22(a), Article 41a, Vernon's Civil Statutes, provides for the revocation or suspension of Certificates of Certified Public Accountants. Section 22(a) provides as follows:

"Sec. 22(a) After notice and hearing as provided in Section 23 of this Act, the Board may revoke or may suspend for a period not to exceed five (5) years, any certificate issued under Sections 12 or 13 of this or any prior Acts, or any registration granted under Sections 10 or 14 of this or any prior Acts, or may revoke, suspend or refuse to renew any permit issued under Sections 9 or 13 of this Act, or may reprimand the holder of any such permit for any one or more of the following causes:

Subsection 10 of Section 22(a) provides in part as follows:

"(10) Failure of a certificate holder or registrant to obtain an annual permit under Section 9 of the Public Accountancy Act of 1945, as amended, within either (a) three (3) years from the expiration date of the permit to practice last obtained or renewed by said certificate holder or registrant, . . ."

Section 22(a), Article 41a, Vernon's Civil Statutes, became effective August 22, 1961. More than three (3) years have elapsed since the effective date of Section 22. In view of the fact that Mr. 'A' has not obtained a permit for any year during this period, including the year 1965, it is our opinion that the plain and unambiguous language of Section 22(a), subsection (10) authorizes the Texas State Board of Public Accountancy, after notice and hearing, to revoke or suspend Mr. "A"'s Certificate as a Certified Public Accountant.

## S U M M A R Y

Since Mr. "A" does not have a "live permit" issued under Section 9 of Article 41a, Vernon's Civil Statutes, he is not authorized, under the provisions of Section 8a of Article 41a, Vernon's Civil Statutes, to exhibit his Certificate as a Certified Public Accountant. Under the submitted facts, the Texas State Board of Public Accountancy, after notice and hearing, is authorized under the provisions of Section 22(a)(10) to revoke or suspend Mr. "A"'s Certificate as a Certified Public Accountant.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Ivan R. Williams, Jr.*
    Ivan R. Williams, Jr.
    Assistant

IRWjr:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Howard Fender
Roger Tyler
H. Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone